UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL RETTIG, | ) | 3:06CV2252 |
| | ) | |
| Petitioner | ) | JUDGE DAN AARON POLSTER |
| | ) | (Magistrate Judge Kenneth S. McHargh) |
| v. | ) | |
| | ) | |
| ROB JEFFERYS, | ) | |
| Warden | ) | |
| | ) | |
| Respondent | ) | REPORT AND RECOMMENDED |
| | ) | <u>DECISION OF MAGISTRATE JUDGE</u> |

McHARGH, MAG. J.

The petitioner Michael Rettig ("Rettig") has filed pro se a petition for a writ of

habeas corpus arising out of his 2005 convictions for trafficking in cocaine and

marijuana in the Henry County, Ohio, Court of Common Pleas.  (Doc. 1.)  Rettig

raises five grounds for relief in his petition:

> 1.  Violations occurred of Appellant's rights under the Sixth
> Amendment, Due Process, and under the Fourteenth Amendment of
> the U.S. Constitution.
>
> 2.  The trial attorney was ineffective for not objecting to the
> consecutive sentences imposed on appellant.
>
> 3.  Appellant was denied due process, equal protection and his
> Amendment Rights under the U.S. Constitution when post release
> control was imposed by the Department of Corrections and Ohio APA.
>
> 4.  Appellant [*sic*] court denied appellant's motion for delayed appeal in
> violation of the rules set forth by the Courts.
>
> 5.  The unconstitutional application and the violation of ex post facto of
> the remedy in State v. Foster decided February 2006. The remedy
> removed the constitutional protections that were in place at the time of

the appellant's sentencing. Thus, removing the Blakely and Apprendi jurisprudence in Ohio sentencing laws that were in place and leaving the appellant without the Sixth Amendment rights he did have.

(Doc. 1, at §§ 12.A-12.E.)

# I.  PROCEDURAL BACKGROUND

On Feb. 3, 2004, Rettig was indicted on two counts of trafficking in cocaine and two counts of trafficking in marijuana.  (Doc. 6, RX 1, Case No. 04CR13.)  On Oct. 19, 2004, Rettig was subject to a second indictment on another count of trafficking in cocaine.  (Doc. 6, RX 3, Case No. 04CR101.)  Both indictments were amended on Feb. 15, 2005.  (Doc. 6, RX 2, 4.)

That same date, Feb. 15, 2005, Rettig entered pleas of no contest to one count of Trafficking in Cocaine, a fourth degree felony in violation of Ohio Revised Code [R.C.] § 2925.03(A)(1)(C)(4)(a)(b); one count of  Trafficking in Marijuana, a fourth degree felony in violation of R.C. § 2925.03(A)(1)(C)(3)(a)(b); one count of Trafficking in Cocaine, a third degree felony in violation of R.C. § 2925.03(A)(1)(C)(4)(d); and, from the second indictment, a count of Trafficking in Cocaine, a fourth degree felony in violation of R.C. § 2925.03(A)(1)(C)(4)(c).  (Doc. 6, RX 5-6; RX 16.)  On April 4, 2005, he was sentenced to concurrent sentences of eight months on count one, eight months on count two, and three years on count four from the first indictment.  He was sentenced to a prison term of twelve months on the single count from the

second indictment, to run consecutively.  In sum, Rettig was sentenced to a consecutive prison term of four  years.  (Doc. 6, RX 7-8; RX 17.)

On Sept. 9, 2005, Rettig filed a motion for leave to file a delayed appeal, pursuant to Ohio App. R. 5(A).  (Doc. 6, RX 9-10.)  In his motion, Rettig proposed three assignments of error:

> 1.  Violations occurred of appellant's rights under the Sixth Amendment, due process, and under the Fourteenth Amendment of the U.S. Constitution, which occurred during appellant's sentencing, when the trial court used factors found by a preponderance of the evidence, and not charged in the indictment and proved beyond a reasonable doubt to a jury or admitted to by the appellant to sentence appellant to punishment beyond that authorized by the appellant's guilty plea alone.
>
> 2.  The trial attorney was ineffective for not objecting to the consecutive sentences in violation of appellant's constitutional rights as described in Apprendi and Blakely and Ring. Further, the trial court erred in imposing consecutive sentences, as the sentences are contrary to law.
>
> 3.  Appellant was denied due process, equal protection, and his Sixth Amendment rights under the U.S. Constitution when the Department of Rehabilitation and Corrections and Ohio Adult Parole Authority imposed post-release control and its prison/jail sanction pursuant to RC §2967.28.  The vague and unconstitutional post-release control pursuant to RC §2967.28, and exposed appellant to the unconstitutional statute RC §2929.14.1.

(Doc. 6, RX 10, at 6, 9, 14.)

On Nov. 9, 2005, the appellate court denied his motion for leave, finding that he had not shown good cause for the untimely filing.  (Doc. 6, RX 11.)

3

Rettig next filed an appeal with the Supreme Court of Ohio on Dec. 27, 2005, based on four propositions[1] of law:

1.  Violations occurred of appellant's rights under the Sixth Amendment, due process, and under the Fourteenth Amendment of the U.S. Constitution, which occurred during appellant's sentencing, when the trial court used factors found by a preponderance of the evidence, and not charged in the indictment and proved beyond a reasonable doubt to a jury or admitted to by the appellant to sentence appellant to punishment beyond that authorized by the appellant's guilty plea alone.

2.  The trial attorney was ineffective for not objecting to the consecutive sentences in violation of appellant's constitutional rights as described in Apprendi and Blakely and Ring.  Further, the trial court erred in imposing consecutive sentences, as the sentences are contrary to law.

3.  Appellant was denied due process, equal protection, and his Sixth Amendment rights under the U.S. Constitution when the Department of Rehabilitation and Corrections and Ohio Adult Parole Authority imposed post-release control and its prison/jail sanction pursuant to RC §2967.28.  The vague and unconstitutional post-release control pursuant to RC §2967.28, and exposed appellant to the unconstitutional statute RC §2929.14.1.

4.  Appellate court denied appellant's motion for delayed appeal in violation of ignoring the very rules set in place in appellate rules and procedures specifically [Rule] 5(A).  The appellate court failed to review or consider the constitutional issues brought forth in the motion for delayed appeal.  Which is extension of the direct appeal of right.

(Doc. 11, PX 1; see also Rettig v. State of Ohio, No. 2005-2422, 2005 WL 5479545

(Dec. 27, 2005) (memorandum in support of jurisdiction).)

_____

[1] Respondent contends that Rettig only argued two propositions of law before the court.  (Doc. 5, at 4 n.1.)  However, as Rettig points out, counsel for the respondent apparently relied on a photocopy of petitioner's brief which was lacking pages 11-13.  (Doc. 11, at 3.  See generally doc 11, PX 1.)

4

On April 12, 2006, the high court denied Rettig leave to appeal and dismissed his appeal as not involving any substantial constitutional question.  (Doc. 6, RX 15; State v. Rettig, 109 Ohio St.3d 1406, 845 N.E.2d 522 (2006).)

Rettig filed a petition for a writ of habeas corpus on Sept 18, 2006.  (Doc. 1.)

## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus.  Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court.  The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002).  See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." <u>Williams</u>, 529 U.S. at 405.  <u>See also</u> <u>Price v. Vincent</u>, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect.  Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law.  <u>Williams</u>, 529 U.S. at 410-12; <u>Lorraine</u>, 291 F.3d at 422.

Rettig has filed his petition pro se.  The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed.  <u>Urbina v. Thoms</u>, 270 F.3d 292, 295 (6th Cir. 2001) (citing <u>Cruz v. Beto</u>, 405 U.S. 319 (1972); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972) (per curiam)).  Other than that, no special treatment is afforded litigants who decide to proceed pro se.  <u>McNeil v. United States</u>, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); <u>Jourdan v. Jabe</u>, 951 F.2d 108 (6th Cir. 1991); <u>Brock v. Hendershott</u>, 840 F.2d 339, 343 (6th Cir. 1988).

Several of the grounds put forward by Rettig allege violations of Ohio law.  The question before this federal habeas court is whether the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.  Federal habeas relief is not available for a claimed violation of state law, thus any  alleged

violation of Ohio law is not properly before this court.  See Lewis v. Jeffers, 497 U.S. 764, 780 (1990).

### III.  EXHAUSTION AND PROCEDURAL DEFAULT

The respondent argues that the third, fourth, and fifth grounds of the petition have not been fairly presented to the Ohio courts, and have been procedurally defaulted.  (Doc. 5, at 9-10.)

A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Buell v. Mitchell, 274 F.3d 337, 349 (6th Cir. 2001) (citing Coleman v. Mitchell, 244 F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001)).  The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims.  Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994) (citing Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990)).

This court does not have jurisdiction to consider a federal claim in a habeas petition which was not fairly presented to the state courts.  Baldwin v. Reese, 541 U.S. 27 (2004); Jacobs v. Mohr, 265 F.3d 407, 415 (6th Cir. 2001).  The Sixth Circuit has stated:

> A claim may only be considered "fairly presented" if the petitioner asserted both the factual and legal basis for his claim to the state courts.  This court has noted four actions a defendant can take which are significant to the determination whether a claim has been "fairly presented":  (1) reliance upon federal cases employing constitutional analysis;  (2) reliance upon state cases employing federal constitutional analysis;  (3) phrasing the claim in terms of constitutional law or in

7

terms sufficiently particular to allege a denial of a specific
constitutional right;  or (4) alleging facts well within the mainstream of
constitutional law.

McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000), cert. denied, 532 U.S. 958

(2001) (citing Franklin v. Rose, 811 F.2d 322, 325-326 (6th Cir. 1987)).  See also

Hicks v. Straub, 377 F.3d 538, 552-554 (6th Cir. 2004), cert. denied, 544 U.S. 928

(2005).  To "fairly present" the claim to the state courts, a habeas petitioner must

present his claim as a federal constitutional issue, not as an issue arising under

state law.  Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984).

Where a state court has failed to address a prisoner's federal claim(s) because

the prisoner failed to meet a state procedural requirement, the state judgment rests

on independent and adequate state procedural grounds, barring federal habeas

relief.  Coleman, 501 U.S. at 729-730; Wainwright v. Sykes, 433 U.S. 72 (1977);

Morales v. Coyle, 98 F.Supp.2d 849, 860 (N.D. Ohio 2000).  Thus, where a state

prisoner has procedurally defaulted his federal claims in state court, habeas review

of those claims is barred "unless the prisoner can demonstrate cause for the default

and actual prejudice as a result of the alleged violation of federal law, or

demonstrate that failure to consider the claims will result in a fundamental

miscarriage of justice."  Buell, 274 F.3d at 348 (quoting Coleman, 501 U.S. at 750).

The court considers four factors to determine whether a claim has been

procedurally defaulted:  (1) the court must determine whether there is a state

procedural rule that is applicable to the petitioner's claim, and whether the

petitioner failed to comply with the rule; (2) the court must decide whether the state

8

courts actually enforced the procedural sanction; (3) the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of the federal claim; and, (4) the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error.  Buell, 274 F.3d at 348 (citing Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986)); Jacobs v. Mohr, 265 F.3d 407, 417 (6th Cir. 2001) (quoting Maupin).

The respondent argues that the third, fourth, and fifth grounds of the petition were not "fairly presented in any manner" to the Ohio Supreme Court, and have been procedurally defaulted.  (Doc. 5, at 9.)  However, as Rettig points out, counsel for the respondent apparently relied on a photocopy of petitioner's brief which was lacking pages 11-13, on which he presented his Propositions of Law Three and Four.  (Doc. 11, at 3.  See generally doc 11, PX 1.)  The court finds that Rettig's third and fourth grounds were fairly presented to the state courts.  See doc. 6, RX 10, at 14; doc. 11, PX 1, at 11, 13.

The fifth ground, arguing that State v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006), cert. denied, 127 S.Ct. 442 (2006), is unconstitutional, was not presented to the state courts.  Rettig points out that Foster was decided on Feb. 27, 2006, at which point his appeal to the state high court was already submitted.  (Doc. 11, at 3.)  The petition claims that the Foster decision violates his constitutional rights by removing the Sixth Amendment sentencing rights he previously had.  (Doc. 1, at 13; doc. 11, at 3.)

9

The respondent argues that Rettig's conviction was final as of May 20, 2005, thirty days after the judgment was journalized.  (Doc. 5, at 3, 21; doc. 6, RX 7-8.) The respondent contends that <u>Foster</u> would not apply to his conviction because his conviction was final at the time <u>Foster</u> was decided.  <u>Id.</u> at 21-22.  As discussed more fully below, the court agrees that Rettig's conviction was final, but finds that Rettig would not be entitled to habeas relief even if the claim were to be considered on the merits.

## IV.  IMPROPER SENTENCING

The first, second, and fifth grounds of the petition all relate to the state court's allegedly improper sentencing of Rettig.

### A.  Alleged Sixth Amendment Violation

The first ground of the petition is: "Violations occurred of Appellant's rights under the Sixth Amendment, Due Process, and under the Fourteenth Amendment of the U.S. Constitution."  The supporting facts are:

> The trial court used factors found by a preponderance of the evidence, and charged in the indictment and proved beyond a reasonable doubt to a jury or admitted to by the appellant to sentence appellant to punishment beyond that authorized by the appellant's plea alone.

(Doc. 1, § 12, at 6.)  In his appeals in the state courts, Rettig argued that the sentencing court misapplied Ohio Rev. Code § 2929.14(B), in violation of <u>Apprendi</u> <u>v. New Jersey</u>, 530 U.S. 466 (2000), and related cases.  (Doc. 6, RX 10, at 6-7.)

10

The Supreme Court in <u>Blakely v. Washington</u> clarified its earlier Sixth Amendment decision in <u>Apprendi v. New Jersey.</u>  <u>Blakely v. Washington</u>, 542 U.S. 296, 301 (2004).  The <u>Apprendi</u> Court had ruled that:  "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  <u>Blakely</u>, 542 U.S. at 301 (quoting <u>Apprendi</u>, 530 U.S. at 490).

In <u>Blakely</u>, the defendant entered a guilty plea, and, pursuant to the plea agreement, the state recommended a sentence within the standard range of 49 to 53 months.  <u>Blakely</u>, 542 U.S. at 300.  However, "the judge rejected the State's recommendation and imposed an exceptional sentence of 90 months."  <u>Id.</u>  As <u>Blakely</u> pointed out, "[t]he facts supporting that finding were neither admitted by [the defendant] nor found by a jury."  <u>Id.</u> at 303.  The Court found a Sixth Amendment violation because the judge had imposed sentence based upon a judicial finding of some additional fact.  <u>Id.</u> at 305.

Subsequently, the Supreme Court of Ohio recognized that several provisions of Ohio's felony sentencing structure violate the Sixth Amendment to the U.S. Constitution.  <u>Foster</u>, 109 Ohio St.3d 1, 845 N.E.2d 470.  In particular, the court noted that, "with limited exceptions, the Ohio Revised Code provides that consecutive sentences in Ohio may not be imposed except after additional fact-finding by the judge."  <u>Foster</u>, 109 Ohio St.3d at 21, 845 N.E.2d at 491.  Thus, the court ruled:  "Because R.C. 2929.14(E)(4) and 2929.41(A) require judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant

11

before the imposition of consecutive sentences, they are unconstitutional." Id. at 2, 845 N.E.2d at 475 (syllabus, ¶ 3).

However, the court also ruled that: "R.C. 2929.14(E)(4) and 2929.41(A) are capable of being severed. After the severance, judicial fact-finding is not required before imposition of consecutive prison terms." Id. at 2, 845 N.E.2d at 475 (syllabus, ¶ 4). As a consequence, Ohio "trial courts are now no longer required to make any findings or give any reasons when imposing consecutive sentences." Minor v. Wilson, No. 05-3534, 2007 WL 106771, at *6 n.1 (6th Cir. Jan. 17, 2007).

The change in Ohio sentencing law is applicable only to those cases pending on direct review. Minor, 2007 WL 106771, at *6 n.1; Foster, 109 Ohio St.3d at 31, 845 N.E.2d at 499 (citing United States v. Booker, 543 U.S. 220, 268 (2005)). Rettig's case was not pending on direct review when Foster was decided.

Under Ohio law, Rettig had 30 days[2] within which to file his direct appeal after the date of sentencing. Ohio R.App. P. 4(A). Since he did not file a timely direct appeal, his conviction became final 30 days after the journal entry of sentencing on April 21, 2005. (Doc. 6, RX 7-8.) Rettig filed a motion for leave to file a delayed appeal, pursuant to Ohio App.R. 5(A), on Sept. 9, 2005. However, a motion to file a delayed appeal is not considered part of direct review. Searcy v. Carter, 246 F.3d 515 (6th Cir.), cert. denied, 534 U.S. 905 (2001). Accord, Granger

---

[2] The no contest pleas signed by Rettig stated that he understood his "limited appellate rights," and that "any appeal must be filed within 30 days of my sentence" (Doc. 6, RX 5, at 2; RX 6, at 2; see also RX 16, at 11.)

v. Hurt, No. 02-3088, 2004 WL 162549, at *3 (6th Cir. Jan. 23, 2004) (Rule 5(A)

motions treated as part of collateral review, citing Searcy ); Porter v. Hudson, No.

3:06CV1608, 2007 WL 2080444, at *6 (N.D. Ohio July 16, 2007) (citing cases).

In any event, a challenge to a state court's interpretation and application of

Ohio's sentencing laws is not cognizable in a federal habeas corpus action.  Howard

v. White, No. 03-1042, 2003 WL 22146139, at *2 (6th Cir. Sept. 16, 2003); Kipen v.

Renico, No. 02-1742, 2003 WL 21130033 (6th Cir. May 14, 2003).  Federal habeas

relief is not available for a claimed error of state law.  Lewis, 497 U.S. at 780.

Habeas relief is only available if the petitioner demonstrates that the state

court decision was contrary to, or involved an unreasonable application of, clearly

established federal law, as determined by the Supreme Court of the United States.

Williams, 529 U.S. at 412-413; Lewis, 497 U.S. at 780; Mask v. McGinnis, 252 F.3d

85, 90 (2d Cir. 2001) (per curiam).

## 1.  Harmless error

In Shafer v. Wilson, the petitioner argued that his sentencing violated the

Sixth Amendment because "the trial court imposed a sentence that exceeded the

presumptive minimum and imposed consecutive sentences based on findings of fact

made by the trial judge."  Shafer v. Wilson, No. 1:06CV0648, 2007 WL 315760, at

*10 (N.D. Ohio Jan. 30, 2007) (Gwin, J.).  The district court rejected the

recommendation of the magistrate judge, and ruled that, although the petitioner's

sentence violated Blakely, it did not result in any prejudice, and agreed that "any

13

error in sentencing Shafer was harmless." Id. at *11. The court noted that, after Foster,

> . . . sentencing judges are free to impose any sentence within the applicable statutory range without the need to make any specific judicial findings. Stated otherwise, because Ohio remedied its unconstitutional sentencing regime by making its guidelines advisory, there is no reason to believe the Petitioner would receive a more favorable sentence if the Court grants his habeas request for relief.

Shafer, 2007 WL 315760, at *11. Although finding a Sixth Amendment violation, the court denied the relief requested. Id.

Even if Rettig's sentence may have violated Blakely, it does not result in any prejudice. As Shafer noted, under Ohio law after Foster, "sentencing judges are free to impose any sentence within the applicable statutory range without the need to make any specific judicial findings." Id. at *11. See also Minor, 2007 WL 106771, at *6 n.1 (Ohio courts no longer required to give any reasons when imposing consecutive sentences). The trial court set forth its reasoning for imposing sentence on Rettig, doc. 6, RX 17, at 7-8, and there is no reason to believe Rettig would receive a more favorable sentence if the court grants his request for relief.

Rettig specifically asks this court to order the state trial court to run his sentences concurrently. (Doc. 1, at 15; doc. 11, at 7.) This court has no such power. There is no constitutional directive, under the Sixth Amendment or otherwise, and Rettig points to none, that state felony sentences must be concurrent. See generally Brown v. Ohio, 432 U.S. 161, 165 (1977) (discussing consecutive sentences and double jeopardy concerns); United States v. Sutton, 700 F.2d 1078 (6th Cir. 1983).

14

Habeas relief should not be granted on the first ground.

### B.  Ineffective Assistance of Counsel

The second ground of the petition alleges that the petitioner's "trial attorney was ineffective for not objecting to the consecutive sentences imposed on appellant." The "supporting facts" are described as:

> Violations of appellant's constitutional rights as described in Apprendi and Blakely and Ring.  The trial court erred in imposing consecutive sentences, and the sentences are contrary to law.

(Doc. 1, § 12.)  Rettig argues that his counsel should have objected to the use of a prior conviction to enhance his sentence.  (Doc. 11, at 4.)

Under the Sixth Amendment to the U.S. Constitution, "the right to counsel is the right to effective assistance of counsel."  Joshua v. DeWitt, 341 F.3d 430, 437 (6th Cir. 2003) (quoting McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)).  The Sixth Circuit discussed ineffective assistance of counsel in Monzo v. Edwards:

> To establish ineffective assistance of counsel under Strickland [v. Washington, 466 U.S. 668 (1984)], the defendant must show that his counsel's performance fell below an objective standard of reasonableness and that his counsel's errors were so serious as to prejudice the defendant.  Review of counsel's performance is highly deferential and requires that courts "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance."  To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."

<u>Monzo</u>, 281 F.3d at 579 (internal citations omitted).  <u>See generally</u> <u>Evitts v. Lucey</u>, 469 U.S. 387 (1985) (defendant entitled to effective assistance of counsel on direct appeal); <u>Strickland</u>, 466 U.S. at 689 (two-part test).

Rettig claims that his sentencing should have been guided by the Supreme Court's decision in <u>Shepard v. United States</u>, 544 U.S. 13 (2005).  (Doc. 11, at 4-5.) In <u>Shepard</u>, the Supreme Court considered the application of a federal statute, the Armed Career Criminal Act, 18 U.S.C. § 924, which mandates a 15-year minimum sentence for certain federal firearms violations where the defendant has three prior convictions for a "violent felony." <u>Shepard</u>, 544 U.S. at 19-20.  In other words, the Court was dealing with an issue of federal statutory interpretation.  <u>Id.</u> at 23. <u>Shepard</u> is inapposite here, and counsel's failure to raise it is not problematic.

In addition, the respondent contends that trial counsel cannot be found to have acted unreasonably in not objecting to the sentencing on the basis of <u>Blakely</u>. (Doc. 5, at 28.)  The court agrees.  Prior to the <u>Foster</u> decision, the vast majority of Ohio appellate courts had rejected the applicability of <u>Blakely</u> to the Ohio sentencing scheme.  <u>See, e.g.</u>, <u>State v. Trubee</u>, No. 9-03-65, 2005 WL 335833 (Ohio Ct. App. Feb. 14, 2005) (finding Ohio's sentencing scheme does not violate Sixth Amendment); <u>State v. Cooper</u>, No. 84645, 2005 WL 1541000 (Ohio Ct. App. June 30, 2005) (finding <u>Blakely</u> inapplicable in Ohio ).  <u>See generally</u> <u>United States v. Burgess</u>, No. 03-4234, 2005 WL 1515327, at *7 (6th Cir. June 22, 2005), <u>cert. denied</u>, 546 U.S. 919 (2005) (trial counsel not ineffective for failing to anticipate

16

<u>Blakely</u>).  Counsel's failure to appeal on this issue does not fail to meet an objective standard of reasonableness.

In addition, Rettig now claims that his counsel never consulted with him about an appeal.  (Doc. 11, at 5.)  This claim has not been raised in any manner in the state courts (<u>see</u> doc. 6, RX 10, at 9-14; doc. 11, PX 1, at 6-11), and is thus barred from consideration in this court.  <u>Wong v. Money</u>, 142 F.3d 313, 322 (6th Cir. 1998) (claim of ineffective assistance of counsel must be presented to state courts under same theory later presented to federal court).

Habeas relief should not be granted on the second ground.


### C.  Is Foster unconstitutional as ex post facto law?

The fifth ground of the petition is:

> The unconstitutional application and the violation of ex post facto of the remedy in <u>State v. Foster </u>decided February 2006. The remedy removed the constitutional protections that were in place at the time of the appellant's sentencing. Thus, removing the <u>Blakely</u> and <u>Apprendi</u> jurisprudence in Ohio sentencing laws that were in place and leaving the appellant without the Sixth Amendment rights he did have.

(Doc. 1, § 12, at 13.)

The United States Constitution prohibits a state from passing any *ex post facto* law.  U.S. Const. art. I, § 10, cl. 1.  To fall within the prohibition of the *Ex Post Facto* Clause, a law must 1) apply to events occurring before its enactment, and 2) disadvantage the offender.  <u>United States v. Page</u>, 131 F.3d 1173, 1175 (6th Cir. 1997), <u>cert. denied</u>, 525 U.S. 828 (1998).  The change in the law must alter the

definition of criminal conduct or increase the penalty by which a crime is punishable.  Id. (citing <u>California Dep't of Corrections v. Morales</u>, 514 U.S. 499, 506 n.3 (1995)).  The critical question is "whether the law changes the legal consequences of acts completed before its effective date."  <u>United States v. Reese</u>, 71 F.3d 582, 591 (6th Cir. 1995), <u>cert. denied</u>, 518 U.S. 1007 (1996) (quoting <u>Weaver v. Graham</u>, 450 U.S. 24, 31 (1981)).

Ohio courts have uniformly rejected *ex post facto* challenges to the <u>Foster</u> decision.  <u>See, e.g.</u>, <u>State v. Swann</u>, 171 Ohio App.3d 304, 314, 870 N.E.2d 754, 762 (Ohio Ct. App. 2007); <u>State v. Sharp</u>, No. 89295, 2007 WL 4200755, at *2 (Ohio Ct. App. Nov. 29, 2007); <u>State v. McGhee</u>, No. 17-06-05, 2006 WL 2796275, at *7 (Ohio Ct. App.  Oct. 2, 2006).  <u>See generally</u> <u>United States v. Barton</u>, 455 F.3d 649, 657 (6th Cir.), <u>cert. denied</u>, 127 S.Ct. 748 (2006) (<u>United States v. Booker</u>, 542 U.S. 220 (2005), does not violate *ex post facto*).  The court in <u>McGhee</u> found no *ex post facto* violation because the defendant "knew the potential statutory sentence for committing a first degree felony, because he had notice that Ohio's sentencing statutes were subject to judicial scrutiny, and because [he] was unlikely to amend his criminal behavior in light of a sentencing change."  <u>McGhee</u>, No. 17-06-05, 2006 WL 2796275, at *7.  In <u>Sharp</u>, the court noted that "the sentencing range was the same at the time [the defendant] committed the offenses as when he was sentenced," and <u>Foster</u> "did not  judicially increase the range of his sentence." <u>Sharp</u>, 2007 WL 4200755, at *2.   The court finds these decisions persuasive.

Habeas relief should not be granted on the fifth ground.

## V.  POST-RELEASE CONTROL

The third ground of the petition is that Rettig "was denied due process, equal
protection and his Amendment Rights under the U.S. Constitution when post
release control was imposed by the Department of Corrections and Ohio APA."  The
"supporting facts" are described as:

> The Department of Rehabilitation and Corrections and Ohio Adult
> Parole Authority imposed Post-release Control and its prison/jail
> sanction pursuant to R.C. § 2967.28 and exposed Appellant to the
> Unconstitutional statute of R.C. § 2929.14.1.

(Doc. 1, § 12, at 9.)  In his pleas, Rettig recognized that he might be subject to post-
release control.  (Doc. 6, RX 5, at 1; RX 6, at 1; see also RX 16, at 8.)

It is unclear which aspect of Ohio Rev. Code § 2967.28 is being challenged as
unconstitutional.  See generally doc. 1, § 12, at 9; doc. 11.  The Ohio Supreme Court
has found that the statute does not violate the Due Process Clause of the United
States Constitution.  Woods v. Telb, 89 Ohio St.3d 504, 733 N.E.2d 1103 (2000)
(syllabus, ¶ 1).  The state high court has also found that the statute does not violate
the Double Jeopardy Clause of the United States Constitution.  State v. Martello,
97 Ohio St.3d 398, 780 N.E.2d 250 (2002) (syllabus), cert. denied, 538 U.S. 1040
(2003).  See also, Longwell v. Jeffreys, No. 2:05CV781, 2006 WL 1000233, at *5
(S.D. Ohio Apr. 13, 2006) (citing Martello).  Rettig provides no authority to the
contrary.

Rettig has not established that the state court decision was contrary to, or
involved an unreasonable application of, clearly established federal law, as

19

determined by the Supreme Court of the United States.  The petition should not be granted on the third ground.

## VI.  DENIAL OF DELAYED APPEAL

The fourth ground of the petition alleges that the state appellate court denied Rettig's motion for delayed appeal in violation of its own rules.  The "supporting facts" are described as:

> The Appellate Court is in violation of the very rules set in place in Appellate Rules and Procedures specifically 5(A).  The Appellate Court failed to review or consider the constitutional issues brought forth in the motion for delayed appeal.  Which is extension of the Direct appeal of Right.

(Doc. 1, § 12, at 10.)

Rettig argues that an appeal under App.R. 5(A) "is unquestionably part of the direct appeal process."  (Doc. 11, at 2.)  Rettig does not provide support for this assertion[3], and, as previously noted, a motion to file a delayed appeal is not part of direct review.  Searcy, 246 F.3d 515.  Accord, Granger, 2004 WL 162549, at *3 (Rule 5(A) motions part of collateral review, citing Searcy ); Porter, 2007 WL 2080444, at *6 (citing cases).

The Sixth Circuit has held that the decision to deny a motion for leave to file a delayed appeal is "solely within the discretion of the appellate court."  Granger v.

---

[3] Rettig cites White v. Schotten, 201 F.3d 743 (6th Cir. 2000), overruled by Lopez v. Wilson, 426 F.3d 339 (6th Cir. 2005).  (Doc. 11, at 2.)  However, White concerned Ohio App. R. 26(B), not whether Rule 5(A) is considered direct or collateral review.

Hurt, No. 05-3275, 2007 WL 419637, at *9 (6th Cir.  Feb. 8, 2007) (citing Deitz v.

Money, 391 F.3d 804, 811 (6th Cir. 2004)).  The court rejected the argument that

denial of leave to file a delayed appeal "despite complying with the requirements of

Ohio App. R. 5" resulted in a constitutional violation.  Id.

Rettig has not established that the state court decision was contrary to, or

involved an unreasonable application of, clearly established federal law.   The

petition should not be granted on the fourth ground.


VII.  SUMMARY

The petition for a writ of habeas corpus should be denied.  Rettig has not

established that the state court decision was contrary to, or involved an

unreasonable application of, clearly established federal law, as determined by the

Supreme Court of the United States.


RECOMMENDATION

It is recommended that the petition be denied.


Dated:   Dec. 17, 2007                        /s/ Kenneth S. McHargh
                                              Kenneth S. McHargh
                                              United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with

the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file

objections within the specified time WAIVES the right to appeal the District Court's

21

order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).