# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **MICHAEL RETTIG,** | ) Case No. 3:06 CV 2252 |
| | ) |
| Petitioner, | ) Judge Dan Aaron Polster |
| | ) |
| vs. | ) **MEMORANDUM OF OPINION** |
| | ) **AND ORDER** |
| **ROB JEFFERYS, Warden,** | ) |
| | ) |
| Respondent. | ) |

Before the Court is the Report and Recommended Decision of Magistrate Judge Kenneth S. McHargh, issued on December 17, 2007 **(ECF No. 12)** (the "R&R"). The Magistrate Judge recommends that the Court dismiss the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Michael Rettig **(ECF No. 1)**. Rettig is presently serving an aggregate prison term of four years pursuant to a plea agreement in which he pled no contest to three counts of Trafficking in Cocaine, and one count of Trafficking in Marijuana.

Rettig first argues that the state trial court violated his rights under the United States Constitution by sentencing him based on conduct not admitted to in his plea, i.e. his sentences were imposed consecutively, rather than concurrently, based on judicial fact-finding. The Magistrate Judge recommends dismissal of this claim because a challenge to a state court's interpretation and application of Ohio's sentencing laws is not cognizable in a federal habeas

corpus action. Moreover, the Magistrate Judge notes that as a result of the Ohio Supreme Court's decision in *State v. Foster*, 845 N.E.2d 470 (2006), *cert. denied*, 127 S. Ct. 442 (2006), Ohio trial courts are no longer required to make any findings or give any reasons when imposing consecutive sentences. (ECF No. 12, R&R at 12 (citing *Minor v. Wilson*, No. 05-3534, 2007 WL 106771, at *6 n.1 (6th Cir. Jan. 17, 2007).)

Second, Rettig argues that he received ineffective assistance of trial counsel when his attorney failed to object to consecutive sentences. The Magistrate Judge recommends dismissal of this claim because Rettig fails to satisfy his burden under *Strickland v. Washington*, 466 U.S. 668 (1984), namely because trial counsel cannot be found to have acted unreasonably in not objecting to the sentencing based on *Blakely v. Washington*, 542 U.S. 296 (2004). Relatedly, Rettig also claims that his counsel never consulted with him about an appeal, but the Magistrate Judge correctly notes that Rettig never raised this claim in any state courts, and thus is not entitled to consideration of this claim by the Court.

Third, Rettig argues that the post release control portions of his sentence is unconstitutional. The Magistrate Judge recommends dismissal of this claim because the Ohio Supreme Court has found that the Ohio post release control statute does not violate the Due Process Clause or the Double Jeopardy Clause of the United States Constitution, Rettig provides not authority to the contrary, and thus he has not satisfied his burden under *Williams v. Taylor*, 529 U.S. 362 (2002) to establish that the state court decision was contrary to, or involved an unreasonable applicable of, clearly established federal law.

Fourth, Rettig argues that his motion for delayed appeal was denied by the state appellate court in violation of its own rules. The Magistrate Judge recommends dismissal of this

claim because the Sixth Circuit has held that the decision to deny a motion for leave to file a delayed appeal is solely within the discretion of the appellate court, and thus Rettig cannot satisfy his burden under *Williams v. Taylor*.

Fifth, Rettig argues that the Ohio Supreme Court's decision in *Foster* is an unconstitutional *ex post facto* law. The Magistrate Judge recommends dismissal of this claim, citing several Ohio court decisions rejecting *ex post facto* challenges to *Foster*.

Under the relevant statute:

> Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1)(C) (1988) (emphasis added). Here, almost four months have elapsed since the R&R was issued, and Rettig has filed neither an objection nor a request for an extension to file objections.

The failure to timely file written objections to a Magistrate Judge's report and recommended decision constitutes a waiver of a *de novo* determination by the district court of an issue covered in the report. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The Court has reviewed the Magistrate Judge's thorough and well-written R&R **(ECF No. 12)** and hereby **ADOPTS** it. Accordingly, the underlying petition for writ of habeas corpus (**ECF No. 1**) is **DENIED**.

**IT IS SO ORDERED.**

<u>*/s/Dan Aaron Polster     April 15, 2008*</u>
**Dan Aaron Polster**
**United States District Judge**